JOHN M. SMITH, RELATOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MONMOUTH ET AL., DEFENDANTS.

Argued October 5, 1926—Decided January 19, 1927.

**Municipalities—Counties—Employment of Detective Under Act of 1922 and Act of 1926, p. 411—Latter Act Held Unconstitutional as Special Legislation, Having Classified Counties Bordering on Atlantic Ocean of Over 100,000 Inhabitants in a Separate Class—Pleadings May be Moulded to Admit of an Appeal to Court of Errors and Appeals.**

On rule for *mandamus*.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *Quinn, Parsons & Doremus*.

For the defendants, *William A. Stevens* and *William L. Edwards*.

PER CURIAM.

This is a rule to show cause why a peremptory or alternative writ of *mandamus* should not be issued commanding the board of freeholders and the county treasurer of Mon-

mouth county to pay the salary of the relator, John M. Smith, county detective, for the month of July, 1926. The relator was appointed a county detective of Monmouth county on July 8th, 1925, under the act of *Pamph. L.* 1922, *p.* 403. At the last session of the legislature an act (*Pamph. L.* 1926, *p.* 411) was passed which repeals the act of *Pamph. L.* 1922, *p.* 403.

The board of chosen freeholders refused to pay the relator's salary on the ground that the act *Pamph. L.* 1926, *p.* 411, had repealed the act *Pamph. L.* 1922, *p.* 403. A rule to show cause was allowed why a writ of *mandamus* should not be issued compelling the payment of the salary on the ground that the act *Pamph. L.* 1926, *p.* 411, was unconstitutional, as being in violation of section 7, article 4 of the state constitution prohibiting special acts or special legislation.

The objectionable part of the statute is contained in the last paragraph, viz.: "This act shall not affect counties bordering on the Atlantic ocean with a population of over one hundred thousand." It is admitted that Monmouth county is one of the counties in the state bordering on the Atlantic Ocean and it is at present the only one of such counties over one hundred thousand population. It would be a hopeless task to review, or even attempt to review, for the purpose of harmonizing the decisions of our courts on this most perplexing subject. We think this limitation in the act of *Pamph. L.* 1926, *p.* 411, is clearly unconstitutional, as being special legislation. That it may be exscinded from the act without destroying it seems clear to us under our decisions, such as *Johnson* v. *State,* 59 *N. J. L.* 535; *Iowa Life Insurance Co.* v. *Eastern Mutual Life Insurance Co.,* 64 *Id.* 340. That being so, a peremptory writ of *mandamus* should issue forth directing the salary of the relator to be paid according to the prayer of the relator. And if this is not one of the subjects that may be taken to the Court of Errors and Appeals under the statute (*Pamph. L.* 1903, *p.* 381; 3 *Comp. Stat., p.* 3216, § 6), the pleadings may be so moulded, under which a final judgment can be entered for an appeal to the Court of Errors and Appeals.